■ DALE E. LAWTON, Respondent, v FRUEHAUF CORPORATION, Appellant.—Judgment unanimously affirmed with costs. Memorandum: Defendant appeals from a judgment that, following a bench trial of plaintiff's negligence claim, awarded plaintiff damages of $27,971.48 plus interest, costs and disbursements. In sustaining the property damage and loss of income claim of plaintiff, a tractor-trailer owner and driver, the court found that defendant, a truck repair firm, negligently repaired the brakes on plaintiff's trailer one week before the accident, thereby causing the accident. On appeal, defendant contends that plaintiff did not prove a prima facie case of negligence and proximate causation, and that the court erred in failing to find plaintiff contributorily negligent.

The finding of negligence is supported by the evidence. Plaintiff presented strong circumstantial evidence that the brakes were inoperable at the time of the accident and that such condition was traceable to defendant's brake installation one week earlier. Moreover, the finding of causation is supported by the evidence. When his steering failed, plaintiff was confronted with an emergency situation in which he reasonably attempted to rely on his trailer brakes in order to avoid jackknifing, which inevitably would have resulted if he had used the tractor brakes alone. Plaintiff's rig traveled 1100 to 1500 feet before it left the road. Plaintiff's expert testified that, if the trailer brakes had worked as they should have, plaintiff would have been able to bring his rig to a stop within 300 feet. In those circumstances, the court did not err in finding that the defective brakes were the proximate cause of the accident.

The court did not err in finding plaintiff free of contributory negligence. The record suggests that the fact that the brake arms were out of position would not have been apparent upon a casual inspection of the brakes following the brake repair.

Further, plaintiff testified that he did not adjust the brakes during the week before the accident because he knew and had been told by defendant's employees that adjustment ordinarily would not be required for about a month. Nor is there any merit to defendant's claim that the court should have found plaintiff contributorily negligent for failing to resort sooner to his tractor brake after losing his steering. Plaintiff and his witnesses testified that, given the loss of steering, the only way to avoid jackknifing the rig was to apply the trailer brakes. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Negligence.) Present—Dillon, P. J., Callahan, Denman, Boomer and Lowery, JJ.